IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICHARD A. KINNEY                                                                PLAINTIFF

VS.                                                          CIVIL ACTION NO. 4:09CV89-LRA

SHERIFF BILLY SOLLIE,                                                      DEFENDANTS
MAJOR PHILLIP FRAZIER

<u>MEMORANDUM OPINION AND ORDER</u>

THIS CAUSE is before the Court on the Motion for Summary Judgment filed by Sheriff Billy Sollie on January 18, 2011, [#39] based on qualified immunity, insufficient proof to sustain a claim of supervisory liability, and insufficient proof to sustain a claim for failure to protect the Plaintiff, Richard Kinney, from any other person.  Defendant also requests that the Complaint be dismissed against the unserved Defendant, Major Phillip Frazier, under the same principles of law.  The Court has considered all the pleadings filed in this case, Kinney's sworn testimony given at the omnibus hearing, and the applicable law. The Court concludes that the above-referenced Motion for Summary Judgment should be granted, that the Complaint should be dismissed with prejudice, and that Final Judgment in favor of Sheriff Sollie should be entered.

**I.  Facts & Procedural History**

Kinney is currently incarcerated in the Mississippi Department of Corrections ["MDOC"] at the South Mississippi Correctional Institute ["SMCI"] in Leakesville, Mississippi. He filed this complaint pursuant to 42 U.S.C. § 1983, on June 29, 2009. After

first naming Lauderdale County Detention Facility as Defendant ["LCDF"], he then named David McPherson, as well as Sheriff Sollie and Major Frazier in their supervisory capacities. Lauderdale County and David McPherson were subsequently dismissed by this Court. Major Frazier was never served and has not answered the Complaint.

A transcript of Kinney's sworn testimony at the omnibus hearing is filed at ECF No. 28. Plaintiff's testimony reveals the following relevant facts: Kinney had been housed for approximately five months in the LCDF for a probation violation. On May 3, 2009, a head count was being carried out by McPherson. McPherson "targeted" Kinney for some reason; he called Kinney out into the hall and told him he wanted to talk. McPherson then shoved Kinney, grabbed him, and the two of them fell to the floor. When other officers arrived to restrain Kinney and assist McPherson, McPherson became violent. He jumped on Kinney, smashed his head into the ground, punched him in the face several times, and choked him.

Kinney was taken to the emergency room and diagnosed with head and rib contusions. X-rays and a CT scan were taken, and Kinney was given a shot for pain. After he was released, Kinney testified that he had problems with bruised ribs that made breathing difficult. His migraine headaches worsened after the assault. He did have three herniated disks in his neck before the assault. Now the neck pain is much worse; it was manageable prior to the assault. Kinney contends that he also has a tumor in his neck due to bleeding and drainage. He has had nine surgeries on his ear and two on his neck.

Kinney testified that he and McPherson had an argument prior to the assault due to the way McPherson treated Kinney and the other inmates. Kinney had written a grievance

against him, and McPherson was reprimanded by Major Frazier.  Kinney was told that McPherson was sent home for three days without pay due to that incident.

Kinney stated that the "only role that Sheriff Sollie had was ... just supervising over the county jail and Major Frazier.  Both of them were supervisors over McPherson."  ECF No. 28.   Major Frazier and Sheriff Sollie were not present when the assault occurred. McPherson was terminated from his employment due to the incident, and he was criminally prosecuted.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."   FED. R. CIV. P. 56(c).   The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir. 1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes.

3

*Celotex*, at 322.

### III. Analysis

### Qualified Immunity

The first issue before the Court is whether Sheriff Sollie and Major Frazier, who did not assault Kinney, are entitled to qualified immunity from Kinney's claim. Qualified immunity is a shield from individual liability for "government officials performing discretionary functions . . . as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). It protects "'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)).

A plaintiff has the burden to rebut the defense of qualified immunity once it has been asserted. *Hampton v. Oktibbeha County Sheriff Dep't,* 480 F.3d 358, 363 (5th Cir. 2007). However, the Court will view the evidence in the light most favorable to the plaintiff. *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)).

The Court uses a two-step analysis to determine whether the Defendant is entitled to summary judgment on the basis of qualified immunity. First, has the plaintiff alleged the violation of a clearly established constitutional right? *Thompson v. Upshur County, Tx.,* 245 F.3d 447, 457 (5th Cir. 2001) (citations omitted). Second, if a violation has been alleged, the court must determine "'whether [the officers'] actions were objectively unreasonable in light

4

of clearly established law at the time of the conduct in question.'" *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (quoting *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007)).  It is within the lower court's discretion to decide which prong of the qualified immunity analysis to address first.  *Collier*, 569 F.3d at 217 (quoting *Pearson v. Callahan,* 129 S.Ct. 808, 818 (2009)).

Using this analysis, the Court finds that both Sheriff Sollie and Major Frazier are entitled to qualified immunity as to all of Kinney's claims.  First, the assault was committed by McPherson, and neither Sheriff Sollie nor Major Frazier played a role in assaulting Kinney.  Kinney's testimony in the omnibus hearing confirms that he does not charge Sheriff Sollie and Major Frazier with assault:

> Q.     . . . Let me ask you about Sheriff Sollie. What was his role in this?
>
> A.     The only role that Sheriff Sollie had was – – like he said, was just supervising over the county jail and Major Frazier. Both of them was supervisor over McPherson.
>
> Q.     Did Sheriff Sollie do anything or contribute in any way to this?
>
> A.     No, ma'am.

ECF No. 28., p. 12.

Kinney has alleged no constitutional violation against Sheriff Sollie or Major Frazier under the applicable law.  Accordingly, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Sheriff Sollie and Major Frazier are immune from this suit and should be dismissed.

**Supervisory Liability**

5

The second issue before the Court is whether Sheriff Sollie and Major Frazier are liable to Kinney because at the time of the altercation, they were McPherson's supervisors. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a "supervisory liability" or *respondeat superior* theory. *Ashcroft v. IQBAL, et al,* 129 S.Ct. 1937, 1948 (2009), citing *Monell v. Dept. Soc. Servs.*, 436 U.S. 658, 691 (1978). Each government-official defendant, through the official's own individual actions, must have violated the Constitution; they are not held accountable for the misdeeds of their agents. *Id.* at 1948-49. Absent vicarious liability, each Government official is liable for his or her own misconduct. *Id.*

Fifth Circuit precedent requires either *personal involvement by an individual Defendant* in the alleged violation, or the *enforcement of some policy or practice resulting in the constitutional deprivation. Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (emphasis added); *Stewart v. Murphy*, 174 F.3d 530, 536-37 (5th Cir. 1999); *Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999). To maintain a § 1983 action, Plaintiff must prove that Defendants were personally involved in the actions he complains of, or were responsible for the policy or custom giving rise to the deprivation. *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989).

Sheriff Sollie and Major Frazier were not present at the time of the incident between Kinney and McPherson. Kinney's testimony in the omnibus hearing confirms that he does not charge that Sheriff Sollie and Major Frazier were involved in the assault:

Q:      -- Sheriff Sollie was not present at the time of the incident, was he?

A:      No, sir, he was not.

Q:      Major Frazier wasn't present at the time of the incident, was he?

A:      No, sir he was not.

ECF No. 28, pp. 12-13.

The LCDF policies and procedures manual attached as Exhibit 1 to the motion mandates: "Jail officers only use the amount of force necessary to bring inmates into compliance, protect life, and protect the integrity of the facility." ECF No. 39-1, p. 5. Furthermore:

Before using any force against an inmate, time permitting, officers must:

a.    Secure help in controlling the inmate;
b.    State his/her intentions to use force or deadly force;
c.    State the reason for the use of force or deadly force;
d.    Ask the inmate to submit to instructions and require signs of compliance, before using force or deadly force.

ECF No. 39-1, p. 8.

McPherson violated the policy of LCDF by using excessive force without any justification and his employment was subsequently terminated as a result of that incident. Had policy been followed, the incident may not have occurred.  Yet, Sheriff Sollie and Major Frazier are not responsible for such violations of the policy by individual officers.  Kinney herein makes no allegations of Sheriff Sollie and Major Frazier's personal involvement in the assault, nor of any policy of their's which caused the assault and the Complaint should be dismissed on this additional basis.

**Failure to Protect**

7

The third issue is whether Sheriff Sollie and Major Frazier are liable to Kinney because they failed to protect him from McPherson.  To establish a failure-to-protect claim under section 1983, Plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.  *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).  Further, to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Newton*, 133 F.3d at 308 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Kinney claims that Sheriff Sollie and Major Frazier failed to protect him because they were the supervisors of McPherson, even though they had no personal involvement and were not present at the time of the incident. Kinney stated in the omnibus hearing that he and McPherson had prior verbal arguments:

Q.    Had the two of you had any altercation before that?

A.    Yes, ma'am. I had wrote a grievance filed against him because he – – you know, there's been times before that he had been negative towards me and talked down to me, called me names. And he was reprimanded at the time by Major Frazier. He – – my understanding was he got sent home for three days with no pay.

Q.    As a result of the ARP that you wrote?

A.    Yes, ma'am.

ECF No. 28, p. 9.

Even though Kinney and McPherson had verbal exchanges preceding the assault,

7

Kinney has set forth no evidence to establish that Sheriff Sollie and Major Frazier had reason to believe that McPherson would physically attack  him.  Kinney never verbally or orally indicated to Sheriff Sollie or Major Frazier that he needed protection from McPherson. Kinney has not stated facts supporting a finding that Sheriff Sollie and Major Frazier had prior knowledge of a specific danger or otherwise acted with "deliberate indifference" to him.

Kinney's claim that his constitutional rights were violated by Sheriff Sollie and Major Frazier's failure to protect him fails as a matter of law and must be dismissed.

### IV. Conclusion

THEREFORE, it is hereby ordered that Sheriff Sollie's Motion for Summary Judgment [#40] is GRANTED, that this case is dismissed with prejudice, and a Final Judgment in favor of this Defendant shall be entered on this date.

IT IS FURTHER ORDERED that Plaintiff's claims against the unserved Defendant, Major Frazier, fail as a matter of law for the reasons set forth herein; the Complaint against him is dismissed with prejudice under 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED, this the 9th day of August, 2011.


S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE